Case 2:25-cv-00644-BWA-KWR   Document 16   Filed 05/15/25   Page 1 of 2

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  May 15 2025
CAROL L. MICHEL
CLERK
cf                                    EDSS

UNITED STATES DISTRICT COURT                     CV-25-00644

EASTERN DISTRICT OF LOUISIANA.

----------------------------------------------------------x.

Mr. Robert L. Dickerson, as Curator, on behalf of Mr. Brandon R. Dickerson, An Adjudged Incapacitated Person,

                                        **Justice Barry W. Ashe**

                   Plaintiff(s)    **Magistrate Karen Wells Roby**

               -against-.

Queens Nassau Nursing Home Inc., d/b/a Queens Nassau Rehabilitation and Nursing Center,

                              Defendant(s)

## MOTION IN LIMITED OPPOSITION FOR TIME EXSTENSION

I respectfully submit to the Court that although I emphasize with counsel's position as being newly appointed to represent the Defendant(s), I am vehemently Opposed to **a "21-day extension"** because of the urgency concerning the incapacitated Plaintiff's health and welfare cited in the Emergency Motion.

The Defendant(s) was personally served with the Emergency Motion and Complaint in this Matter at their place of business on April 10th 2025. The Court granted Defendant(s) ten (10) days to respond to the Emergency Motion, returnable on or before April 21st 2025. Ample time to comply with the Court's Order, considering the nature of the Motion.

On or about April 16th 2025, Counsel for Defendant's insurance carrier, **New York Healthcare Insurance Inc.,** received notice of this lawsuit via email from P&G Brokerage for the specified claims in the complaint.

The Summons and Complaint was returnable on or before May 1st 2025, again giving Defendant(s) adequate time to answer.

In document 11 on the document list, the Defendant(s) counsel originally request a fifteen (15) day extension to respond. They now come before this Court requesting a twenty-one (21) day extension without considering the needs or concerns of the incapacitated Plaintiff.

Because I am duty bound by oath and by the Louisiana Court of law as Plaintiff's Court Appointed Curator, it is my obligation to ensure the health, safety and the best interest of the incapacitated Plaintiff.

Notwithstanding, I am requesting that this Court deny counsel's request for an extension as it pertains to the **"Emergency Motion"** and grant the Emergency Motion for Plaintiff's release into the care and custody of his Court appointed Curator to relocate him to a facility near his family home in Suffolk County New York, where his parents and the majority of his siblings still reside, pending this Matter and until such time he can be returned back to his Home State of Louisiana to be reunited with his only child.

It should also be respectfully noted that it is the Court Appointed Curator that determines where an incapacitated person shall reside. Not a nursing home facility such as the Defendant(s).

Granting the Emergency Motion would not prejudice the Defendant(s) as there are no monetary remedies requested in the Motion.

I respectfully submit that should the Court allow the forestated, I will consent to counsel's request "only" to the extent as to answer the Summons and Complaint at a reasonable time as this Court will determine.

I thank you for your consideration.

Respectfully submitted,

Mr. Robert l. Dickerson

*Mr. Robert L. Dickerson*

Cc: Mr. Grant Herrin  grant.herrin@qpwlaw.com