UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT L. DICKERSON, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO:  25-644** |
| **QUEENS NASSAU NURSING HOME INC.,** d/b/a **QUEENS NASSAU REHABILITATION AND NURSING CENTER** | **SECTION: "M" (4)** |

## ORDER

Before the Court is Defendant's **Motion for Extension of Time (R. Doc. 14)**, seeking a twenty-one-day extension of time to respond to Plaintiff's Complaint (R. Doc. 1) and Emergency Motion for Immediate Release (R. Doc. 3). Defendant asserts that an extension is necessary because their counsel was just retained on May 13, 2025, and needs time to appraise the facts and merits of this case. R. Doc. 14 at 1. Defendant certifies that this is their first request for an extension of time in this matter and that Plaintiff had not filed an objection to the extension at the time the request was filed. *Id.* at 3.

Plaintiff however filed an Opposition the following day, asserting that he was sympathetic to defense counsel but an extension was inappropriate considering the urgency of his request for emergency release of his son, Brandon Dickerson, from Defendant's facility. R. Doc. 16 at 1. Plaintiff further asserted that the District Judge already ordered Defendant to respond to the Emergency Motion within ten days of service, and that service of the Emergency Motion and Complaint was completed by April 11, 2025. *Id.* See R. Doc. 5. Therefore, Plaintiff asserts that Defendant's response to the Emergency Motion was due by April 21, 2025, and that Defendant has had ample time to respond to the Complaint. *Id.* Plaintiff therefore requests that the Court deny the request for extension and immediately grant the Emergency Motion to release Brandon

Dickerson into his family's care. *Id.* at 2. Plaintiff further asserts that if the Emergency Motion is granted, he would consent to an extension of time to respond to the Complaint. *Id.*

Local Rule 7.8 states that "[u]pon certification by a moving party that there has been no previous extension of time to plead and that the opposing party has not filed in the record an objection to an extension of time, on ex parte motion and order, the court must allow one extension for a period of 21 days from the time the pleading would otherwise be due."

Upon review, Defendant's Motion for Extension of Time includes the necessary certification under Local Rule 7.8 and therefore must be granted. The Court further finds that the recency of defense counsel's retention presents good cause for an extension of time to respond.

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion for Extension of Time (R. Doc. 14)** is **GRANTED** and that Defendant shall have until **June 4, 2025,** to file a response to Plaintiff's Complaint (R. Doc. 1) and Emergency Motion for Immediate Release (R. Doc. 3).

New Orleans, Louisiana, this 22nd day of May 2025.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**