U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   Jun 2 2025

CAROL L. MICHEL
CLERK

cf                                    EDSS

UNITED STATES DISTRICT COURT                         CV-25-00644

EASTERN DISTRICT OF LOUISIANA.

-----------------------------------------------------------x

Mr. Robert L. Dickerson, as Curator, on behalf of Mr. Brandon R. Dickerson,
An Adjudged Incapacitated Person,

**Justice Barry W. Ashe**
Plaintiff(s)          **Magistrate Judge Karen Wells Roby**

-against-.

Queens Nassau Nursing Home Inc., d/b/a Queens Nassau Rehabilitation and
Nursing Center,
Defendant(s)

## SUPPLEMENTAL MEMORANDUM

I, Mr. Robert L. Dickerson, Court Appointed Curator and father of Brandon R. Dickerson, submit the Supplemental Memorandum so Ordered by the Court regarding (A) Temporary Guardian dissolution (B) Contract signed between myself and the Defendant. I affirm that the following facts are true to the best of my knowledge:

**(A)  TEMPORARY GUARDIAN(S):**

I respectfully submit to this Court that there were *"several"* temporary guardians, appointed as a result of a duplicative New York guardianship petition that is preempted by the earlier Louisiana Interdiction with a final Judgment on the merits. Those appointments are unenforceable as a matter of law.

One of the temporary guardians includes the former Louisiana "Undercurator" of my son Brandon, my daughter Geneva Dickerson, who's Undercurator appointment was consequently "removed" by Louisiana Court Order for "forum shopping" to file a "duplicative" petition for guardianship in the state of New York, in an attempt to circumvent and forestall the judicial process of the Louisiana Interdiction/guardianship proceedings,

1

which has resulted in "multiple appointments of guardians. Ultimately, those appointments have interfered with the facilitation of the best interest of my incapacitated son Brandon.

By New York Courts failing to acknowledge and respect the Louisiana Order/Judgment of Interdiction, judicial chaos evolved resulting in multiple appointments of temporary guardians which is a detriment to Plaintiff's health and welfare.

As the Court requested, below are a list of temporary guardians(s) appointed under the New York petition that was Vacated in its entirety,  on June 8th 2023 and their current status:

**CHARLES BARBUTI; Temporary guardian GENEVA DICKERSON as Co-guardian**
Appointed February 1st 2023 Dissolved February 9th 2023.  Abruptly declined the appointment citing concerns with the guardianship proceedings.  Abraham Mazlomi Successor.

**ABRAHAM MAZLOMI Temporary guardian**
Appointed February 9th 2023 Dissolved November 11 2023.  Geneva Dickerson Successor. Requested removal of his appointment citing concerns with the guardianship proceedings. Geneva Dickerson successor.

**GENEVA DICKERSON Temporary guardian (Former Undercurator of Brandon Dickerson) Succeeded by Joseph Ruotolo**
Appointed November 11th 2023.  (Exhibit B)  Dissolved May 15th 2024. Originally petitioned for Interdiction and Curator appointment in the state of Louisiana March 22 2022.  Was denied Curator appointment and appointed as Undercurator October 25th 2022. Dissatisfied with the decision, she files a duplicative petition for guardianship in state of New York under index number "**724394/2022**" **as a "subsequent pleading"** under the Louisiana Interdiction Foreign Judgment which is filed under the same index number.  Her petition was ultimately vacated with the Foreign Judgment on June 8th 2023. Geneva sought the exact same relief as in the earlier Louisiana Interdiction proceedings.   Her appointment was removed by Court Order for filing the New York petition which caused disruptions in Brandon's care on June 1st 2023. ***"Based on her actions Ms. Geneva Dickerson has exhibited that she has blatant***

2

*disregard for the orders of this Court and such an individual should not be appointed to serve in the position of undercurtratix".*
**Justice E. Adrian Adams June 1st 2023 (Doc. 3 Exhibit)**

**JOSEPH RUOTOLO; This appointment was Null and Void from the beginning as a matter of law.**

Appointed May 15th 2024. The petition on which this appointment was made was "VACATED" in its entirety on June 8th 2023 before the appointment, rendering this appointment Null and Void as a matter of law. The petition was a subsequent pleading filed under the "*Louisiana Interdiction Foreign Judgment.* **(Exhibit A)** filed under the same index number "**724394/2022**" " then **VACATED** in its Entirety on the New York Court's own Motion. (Exhibit C)

Any actions, including the appointment of guardians, made after June 8th 2023 have no legal effect or standing because the petition from which that appointment was made is Null and Void as a matter of law because it was Vacated with the Louisiana Foreign Judgment as a subsequent pleading filed under the Louisiana Foreign Judgment.

The Louisiana Interdiction Judgment was ultimately re-filed and re-registered at the Suffolk County Supreme Court, state of New York as a Foreign Judgment, pursuant to NY MHL 83.35 on July 5th 2023.

**DEFENDANT(S) ARE MANIPULATING CONFLICTING COURT ORDERS TO DETAIN PLAINTIFF WITHIN THEIR FACILITY TO ENRICH THEMSELVES THROUGH EXTENDED MEDICAID PAYMENTS DEPRIVING PLAINTIFF OF HIS ADA CIVIL RIGHTS TO CONVALESCE FREE FROM ISOLATION IN A NURSING CARE FACILITY CONDUCIVE TO HIS BEST INTEREST**

## ARGUMENT

Demonstrable evidence exist that the Defendant(s) are now manipulating conflicting court orders of guardianship created by the duplicative petition filed in the New York Courts, to enrich themselves.

Upon requesting the discharge of my son after his one-year therapy treatment program ended Thomas Cone, counsel for the Defendant's facility, in an email dated July 24th, 2023, "audaciously" disavowed my authority as my son's Court Appointed Curator by stating ***"You are not the duly appointed guardian. Saying you are the guardian does not make it so. You need a judge's signature appointing you as such on a New York court document."*** (Exhibit "F" Defendant attorney Cone Email)

The Defendant's manipulation of conflicting court orders has enabled the Defendant(s) to violate Plaintiff's ADA Civil Rights unabated while enriching themselves on extended Medicaid payments years beyond the one-year contractual agreement for rehabilitative services.

Defendant(s) were fully aware of the true Court Order of Interdiction which was adjudicated on October 25th 2022, well before the second petition was even filed. The Louisiana Order of Interdiction was presented to the Defendant(s) in October 2022.

The actions of Defendant(s) refusing to discharge Brandon from their facility has created a "de facto prison" for my son through isolation, violating his ADA Civil Rights.

Defendant's actions are orchestrated under cover of the judicial confusion which is why this Court must invoke the U.S. Full Faith and Credit Clause of the U.S. Constitution in the interest of substantial justice.

### **PREEMPTION**

The New York guardianship petition is preempted by the Louisiana Court's prior ruling of Interdiction of my son Brandon. The filing of the New York petition by my daughter Geneva

is an attempt to re-litigate the same issues that the Louisiana Court had already decided and or circumvent the Order and Judgment of the Louisiana Court.

**FINAL ADJUDICATION IN LOUISIANA**

On October 25th 2022 the Louisiana Court had already determined that my incapacitated son requires a Curator in which I was appointed, and that Judgment is deemed a final adjudication on the merits.

**FOREIGN JUDGMENT:**

The Louisiana Court Order and Judgment of the interdiction of Brandon R. Dickerson is a final Judgment on the merits with the appointment of Robert L Dickerson as Curator Registered in the State of New York as a "Foreign Judgment" pursuant to MHL 83.35 is entitled to protection(s) under the Full Faith and Credit Clause outlined in Article IV Section 1 of the U.S. Constitution. which protection(s) are honored by Article 54 Section 5401 of the New York State Civil Practice Law and Rules.

**NEW YORK COURTS LACK STANDING TO APPOINT GUARDIANS BECAUSE LOUISIANA HAS ESTABLISHED EXCLUSIVE AND CONTINUING JURISDICTION OVER THE PROCEEDINGS WITH A FINAL JUDGMENT**

*"La. 13:4251.205 provides that when a Court has appointed a guardian, consistent with this chapter, such Court that has appointed the guardian has exclusive and continuing jurisdiction over the proceedings until it is terminated by the Court or the appointment or Order expires by its own terms."*

Likewise, the New York State Mental Hygiene Law applies.

**MHL 83.21 States:**
*"Except as otherwise provided in section 83.19 of this article, a court that has appointed a guardian of the person or issued a protective order consistent with this article has "exclusive and continuing jurisdiction" over the proceedings until it is terminated by the court or the appointment or order expires by its own terms."*

Both Louisiana state law and New York state law concur that by virtue of my appointment as Curator /Guardian on October 25th 2022 the 24th District Court Parish of Jefferson state of Louisiana has established "Exclusive and Continuing Jurisdiction over the proceedings to the exclusion of ALL New York proceedings. Including guardian appointments.

**JUSTICE E. ADRIAN ADAMS' JUNE 1ST DECISION/ORDER HAS METICULOUSLY ARTICULATED HIS REASONS FOR MAINTAINING EXCLUSIVE JURISDICTION OVER THE INTERDICTION PROCEEDINGS, DENYING A JURISDICTIONAL TRANSFER OF THE GUARDIANSHIP PROCEEDINGS TO THE NEW YORK COURTS AND THE UNDERCURATOR'S APPOINTMENT REMOVAL (Doc 3 Exhibit)**

**Jurisdictional transfer of the Interdiction / Guardianship proceedings from Louisiana to New York was DENIED.**

On May 3rd 2023 a hearing for a transfer of the Louisiana Court's jurisdiction to New York was held at the 24th District Court Parish of Jefferson.
The petition was denied for reasons stated in Justice Adams June 1st 2023 decision. (Doc 3 Exhibit)
Notwithstanding that the Louisiana Courts maintained jurisdiction over the proceedings and subject matter concerning my son the New York Court continued to make guardianship appointments without permission or authority to do so well after a hearing denying a jurisdictional transfer.

**Removal of Undercurator Appointment for filing duplicative Petition in New York State**

In the Justice Adams' June 1 2023 (Doc. 3 Exhibit) order and judgment denial of a jurisdictional transfer of the Interdiction/guardianship proceedings to New York and the removal of the Undercurator appointment, he articulated the how, when, and why he maintains exclusive and continuing jurisdiction over the proceedings and the negative consequences the filing of a New York duplicative petition for guardianship summoned the necessity to remove the Undercurator appointment of Geneva, who's careless actions in filing the New York petition orchestrated

judicial chaos and confusion resulting in multiple guardian appointments which has interfered with the best interest of my incapacitated son.

On page 15 of Justice Adams' decision, he states in part:

"***Rather, Ms. Dickerson brought a subsequent Petition in the state of New York, wherein she fully intended to circumvent this Court's jurisdiction and confuse these proceedings by requesting that the New York Court grant the exact same relief that this Court has already decided.  Such actions on behalf of Ms. Dickerson has further complicated and confused this judicial proceeding and as a result there are conflicting Judgments between this Court and the New York Court.  Ms. Dickerson's actions in filing the subsequent New York petition was an attempt to circumvent this Court's lawful Judgment, and in doing so her actions has affected Brandon Dickerson's care because the New York facility is confused as to which Judgment is the one that should be adhered to."* **Justice E. Adrian Adams June 1st 2023 (Doc 3 Exhibit)**

The New York Court, however, cannot escape their complicity in this judicial confusion as they had an obligation mandated by N.Y. Mental Hygiene Law Article 81, to confirm the validity of the existing Louisiana Judgment of Interdiction and Curator Appointment to prevent duplicative filings.

> More importantly, in a New York State court application for adult guardianship, the applicant "**must submit an affidavit**" stating that there are no existing applications for the same relief elsewhere and declare that the petitioner is **not aware of any other court proceedings** or applications currently underway seeking the same guardianship powers or duties for the adult in question. Again, the New York Court failed to properly vet my daughter's application, knowing a Court proceeding for Interdiction was completely adjudicated in the state of Louisiana, which would have made the New York petition ineligible for consideration.

Indeed, legal remedies were available to the State of New York that would have prevented the "duplicative filing" of a guardianship petition filed by my daughter, which was enacted by the New York State Senate Legislative authority under The Uniform Adult Guardianship and

7

Protective Proceedings Jurisdiction Act ("UAGPPJA") (Articles 83.01-83.45). Both the state of New York and the state of Louisiana have adapted the Act.

Under the UAGPPJA New York Mental Hygiene Law (MHL) 83.29(b) provides that ***"if the Court in the other state (Louisiana) has jurisdiction the Court in this state (New York) SHALL DISMISS the petition unless the Court in the other state determines that the Court in this state is a more appropriate forum."***

Demonstrative evidence that the Louisiana Court established jurisdiction was conclusive of the fact that my son was domiciled in the state of Louisiana for more than eight years immediately prior to his incapacitation, with his employment with a Louisiana U.S. subcontractor, his Louisiana motor vehicle records and the sharing of his apartment with his then 5 year old daughter as a single parent in Jefferson Parish LA.  These facts have determined that Louisiana is Brandon's "Home State".

## **THE NEW YORK GUARDIANSHIP PETITION IS NULL AND VOID BECAUSE IT WAS VACATED AS A "SUBSEQUENT PLEADING" UNDER THE LOUISIANA FOREIGN JUDGMENT FILING**

The New York petition is rendered Null and Void because it was a subsequent pleading filed under the Louisiana Interdiction Foreign judgment when it was Vacated in its entirety on June 8th 2023.

The Louisiana Foreign Judgment registration was filed on November 18th 2022 under index number "**724394/2022**" at the Queens County Supreme Court Pursuant to MHL 83.35 .
The New York Guardianship petition was filed on December 20th 2022 in the Queens County Supreme Court under index number "**724394/2022"** **as a "subsequent pleading** under the Louisiana Foreign Judgment.
On or about June 8th 2023 Louisiana Foreign Judgment filed on November 18th 2022 under index number "**724394/2022"** was "***VACATED IN ITS ENTIRETY"*** on the Supreme Court

8

County Clerk's "Own Motion" for reasons citing: *"there is no mechanism for the Queens County Clerk to administratively correct its own mistake"* **(Exhibit E).**

On July 5th 2023 the "Foreign Judgment" was correctly re-filed and re-registered as a "Foreign Judgment" in the New York Suffolk County Supreme Court pursuant to New York Mental Hygiene Law Article 83.35.

I am a retired New York City Police Officer. I have always been aware that the respect for Court Orders is essential to the rule of law. If courts disregard the rulings of other Courts, it undermines the legal system's ability to enforce its decisions and creates a chaotic environment where legal processes are not respected. Such as in my son's case.

**\*FOOT NOTE:** *The New York guardianship petition is Vacated as a matter of law because it was a subsequent pleading with the November 18th 2022 Foreign Judgment filed under the same index number used to file the Foreign Judgment that was Vacated in its entirety. The Queens County Supreme Court made no provisions to sustain the New York guardianship petition filed under the Foreign Judgment index number when it Vacated the Foreign Judgment filing on June 8th 2023 in its entirety. This action now makes the New York petition null and void.*

**\*FOOT NOTE:** *A transfer of guardianship is not mandatory or required by law. Louisiana Revised Statues Tit.13 Sec. 4251.301 (Transfer of guardianship to another state) dictates certain conditions outlined in sub section D (1)(2) & (3) that must be met should a Court appointed Curator decide to petition the Court for a transfer to another state. In this case the Louisiana Court determined those conditions were not and could not be met because the Curator's authority was drastically diminished by the appointment of temporary guardians procured by a duplicative guardianship petition curtailed his ability to present plans for relocating the indigent to another state. Additionally, Brandon was present in the state of New York for medical treatment only with no intentions to remain there permanently primarily because his only child he was raising as a single parent when he was incapacitated still remains in the state of Louisiana.*

## (B). SIGNED CONTRACT(S) FOR REHABILITATIVE SERVICES
**DEFENDANT'S REFUSED TO COMPLY WITH THE REQUEST TO PRODUCE ANY AND ALL RECORDS PERTAINING TO THE CONTRACTUAL AGREEMENT FOR MY SON'S ONE YEAR REHABILITATIVE THERAPY PROGRAM**

On or about May 23rd 2025, pursuant to Federal 34 of the Civil Procedure (FRCP) I submitted a request to counsel for the Defendant(s) for submission documents, inclusive of the signed contracts of the one-year aggressive traumatic brain injury rehabilitation program.

Defendant(s) refused.  (Exhibit J Request for documents)
Notwithstanding Defendant's refusal to produce the contractual record, I submit that demonstrable undisputable evidence of the existence of the contractual agreement was "***Implied-in-Fact***."

This includes the documented vetting of Defendant's facility by the West Jefferson Medical Center in Louisiana to ensure that my son would get the care his attending physicians and therapist recommended. At Defendant's facility (Exhibit G) Which they confirmed that my son would be entering the one-year long term rehabilitation program at defendant's facility in New York.

The private medical flight itinerary direct to Defendant's facility which was staffed with a complete medical team for Brandon at a cost of tens of thousands of dollars. (Exhibit I)

Emails from Defendant's Admissions coordinator.  (Exhibit H)

It should also be noted that admission into Defendant's facility to participate in their one-year rehabilitative program required my son to enter with his own private medical insurance which is United. Health Care.  We have requested records of all Healthcare information.  (Exhibit K)

10

WHEREFORE, I respectfully request that this Court grant the Emergency Motion and Order Defendant(s) to comply with request for documents.

Respectfully submitted:

Thank You

Dated Med ford New York
May 31st 2025

By: *Mr. Robert L. Dickerson*

Mr. Robert L Dickerson
29 Seymour La.
Medford New York 11763 roblawdickerson@gmail.com


Cc :  grant.herrin@qpwblaw.com Attorney for Defendant(s)