U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    Jun 5 2025

CAROL L. MICHEL
CLERK

cf                                    EDSS

# UNITED STATES DISTRICT COURT

**CV-25-00644**

# EASTERN DISTRICT OF LOUISIANA.

-------------------------------------------------------x

Mr. Robert L. Dickerson, as Curator, on behalf of Mr. Brandon R. Dickerson,
An Adjudged Incapacitated Person,

**Justice Barry W. Ashe**

Plaintiff(s)          **Magistrate Judge Karen Wells Roby**

-against-.

Queens Nassau Nursing Home Inc., d/b/a Queens Nassau Rehabilitation and
Nursing Center,

Defendant(s)

---

## MOTION TO STRIKE / DISMISS DOCUMENT(S) 21 & 22

---

### A. MOTION TO DISMISS PARTY (Doc 21) IS IMPROPER BECAUSE IT WAS FILED UNDER SEAL WITHOUT LEAVE FROM THE COURT AND MUST BE DISMISSED /STRICKEN

The Defendant(s) requested an extension (Doc 18) of 21 days to respond to this Courts Order
(Doc 4) and the complaint (Doc 1) in this Matter. The Court granted their request.

Now at the eleventh hour of the return date of June 4th 2025, Defendant(s) files a Motion to
Dismiss Party pleading *"**UNDER SEAL"**,* without leave from the Court to do so, making the
pleading document improperly filed and totally unavailable to the Plaintiff for review.

Defendant(s) had sufficient time to seek leave from this Court to file their documents under seal
timely.

Defendant's non-compliance with Court rules has severely prejudiced the Plaintiff, as Plaintiff is
unable to view documents under seal and by undermining this Court's Order to give a timely
response to the Emergency Motion and Complaint.

1

For these reasons this Court must Dismiss/Strike Defendant's Motion as improperly and untimely filed.

### B.  MOTION TO STRIKE (Doc 22) MUST BE DISMISSED BECAUSE DOCUMENTS "WERE FILED TIMELY" (Exhibit A)

I respectfully submit to this Court that counsel for Defendant(s) attempts to insult the intelligence of this Court and waste this Court's valuable time by filing such a frivolous and baseless Motion.

The documents so Ordered by this Court (Doc 20) were indeed filed timely through the Electronic Document Submission System (EDSS) and properly stamp dated "**June 2nd 2025**" on the upper right side of the document's first page. The acknowledgement of compliance with the Court's Order is clear and undisputable. (Exhibit A)

It is no doubt obvious that counsel for Defendant(s) is misunderstanding Federal Rule 6 (1) C) which state**: (1) Period Stated in Days or a Longer Unit. *When the period is stated in days or a longer unit of time: (C) if the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday.*** This makes the tenth day continue through Monday June 2nd.

It should be duly noted that although Defendant(s) were Ordered to respond to the Emergency Motion on April 7th 2025 by April 21st 2025, they didn't first appear until May 13th 2025 more than "***21 days after the return date***" notwithstanding they did in fact consult legal counsel concerning this Matter through their insurance provider almost one month before, on or about April 16th 2025. (Exhibit B)

Additionally, Defendant(s) failed to file an affidavit of service for these documents. WHEREFORE, I submit to this Court Defendant's Motions are both improperly and frivolously submitted and must be dismissed with prejudice, as a sanction for their deliberate non-compliance with the Court's rules, and or stricken from the record. I further request that this Court grant the Emergency Motion in the substantial interest of justice.

Dated Medford New York

June 5th 2025

Mr. Robert L. Dickerson

29 Seymour La.

Medford New York 11763


Grant T. Herrin Attorney for Defendant(s)

3850 N. Causeway Blvd.

Metairie LA. 70002