UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MR. ROBERT L. DICKERSON, AS CURATOR ON BEHALF OF MR. BRANDON R. DICKERSON, AN ADJUDICATED INCAPACITATED PERSON** <br>      **Plaintiff** <br><br> **VERSUS** <br><br> **QUEENS NASSAU NURSING HOME INC., D/B/A QUEENS NASSAU REHABILITATION AND NURSING CENTER** <br>      **Defendant** | **CIVIL FILE NO. 2:25-CV-00644** <br><br> **SECTION "M"** <br><br> **DISTRICT JUDGE:** <br> **BARRY W. ASHE** <br><br> **MAGISTRATE JUDGE:** <br> **KAREN WELLS ROBY** |

<u>**CORRECTIVE**</u>

<u>**FILED UNDER SEAL**</u>
**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS WITH PREJUDICE PURSUANT TO RULES 12(b)(1-3 & 6)**

**MAY IT PLEASE THE COURT:**

Defendant, QUEENS NASSAU NURSING HOME INC., D/B/A QUEENS NASSAU REHABILITATION AND NURSING CENTER ("Defendant"), through undersigned counsel, hereby files this *Memorandum in Support of its Motion to Dismiss with Prejudice pursuant to Rules 12(b)(1-3 & 6)*, and further represents:

**I.    FACTUAL BACKGROUND**

This matter involves the heartbreaking case of a young father, Brandon Dickerson, who has been left both mentally and physically incapacitated due to a Brain aneurysm in Louisiana, relocated to Defendant in Queens, New York, for long-term care, but whose medical direction and control have been fought over relentlessly for some three (3) years now.

1

In **March 2022**, Robert Dickerson's son, Brandon, then residing in Louisiana, suffered a brain aneurysm that resulted in a traumatic brain injury at thirty-one-years old. This injury left him in a comatose state at the West Jefferson Hospital. Thereafter, his relatives have engaged in a long and contentious legal battle over both the control of his person, his property, and his Medicaid benefits.

### A. Louisiana Interdiction – 24th JDC[1]

On **March 22, 2022**, Brandon's sisters, Geneva Dickerson and Jennifer Herring, residing in New York and Ohio, respectively, jointly petitioned to interdict Brandon via the suit, *In Re: The Interdiction of Brandon Dickerson*, No. 826351, 24th Judicial District Court, State of Louisiana. The sisters did not properly disclose sufficient information to plead and advise other relatives such as their parents.

On **April 15, 2022**, Brandon's father, Robert L. Dickerson, moved to intervene in the 24th JDC action along with Donyell Williams, mother of Brandon Dickerson's minor daughter, seeking to object to his daughters' appointment as curators due to their petition failing to abode by La. Code Civ. Proc. arts. 4541-4543 and for failing to identify all parents and siblings for the court.

On **May 25, 2022**, due to the competing interests of the petitioners, the court appointed Elaine Appleberry as Curator ad Hoc. It is interesting to note that on or about **July 21, 2022**, the Curator was not aware that Brandon had been moved by Robert to Defendant's Queens Nassau facility and filed a note of evidence into the record to this effect.[2]

On **October 25, 2022**, following a two-day trial, the court issued a Judgment of Full

---

[1] Exh. 1, "Petition for Interdiction," *In Re: The Interdiction of Brandon Dickerson*, Docket No. 826351, Div. "G," 24th J.D.C., State of Louisiana (dated Mar. 22, 2022).
[2] Exh. 2, "Note of Evidence" by Guardian, Elaine Appleberry (dated Jul. 21, 2022).

2

Interdiction,[3] released Curator Appleberry and appointed Plaintiff, Robert L. Dickerson, as Curator, and Geneva Dickerson (sister of Brandon Dickerson) as Undercuratrix.[4] However, Plaintiff never attempted to register this foreign judgment and appointment in New York until approximately **July 5, 2023**.[5] As such, his Letters of Curatorship have no legal effect in the State of New York, a separate sovereign.

### B. New York Interdiction – Supreme Court in and for Queens County



---

[3] Exh. 3, "Judgment of Full Interdiction," *In Re: The Interdiction of Brandon Dickerson*, Docket No. 826351, Div. "G," 24th J.D.C., State of Louisiana (dated Oct. 25, 2022, CERTIFIED).
[4] Exh. 4, "Letters of Curatorship," *In Re: The Interdiction of Brandon Dickerson*, Docket No. 826351, Div. "G," 24th J.D.C., State of Louisiana (dated Nov. 2, 2022, CERTIFIED).
[5] Exh. 5, "Affirmation and Letter of Intent to Register Guardianship Judgment," Suffolk County, New York (dated Jul. 5, 2023).
[6] Exh. 6, "Order Appointing Guardian of the Person and Property," Supreme Court of New York, Queens County (dated Apr. 18, 2024).
[7] Exh. 7, "Commission to Guardian" County of Queens, State of New York (dated May 28, 2024).

███████████████████████  ███████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████[^8]

    *C.  Supreme Court of New York, Appellate Division Ruling*

████████████████████████████████████████████████████
██████████████████  ██████████████████████████████████
████████████████[^9]

        ████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████

        ██████████████████████████████████

        ████████████████████████████████████████
████████████████████████  ████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████  ██████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████

        ████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

---

[^8]: Exh. 6, "Order Appointing Guardian of the Person and Property," Supreme Court of New York, Queens County (dated Apr. 18, 2024).
[^9]: Exh. 8, "Decision & Order," *In the Matter of Brandon D., Geneva D. (Respondent), Robert L.D. (Appellant)*, Docket No. 2023-10181, Supreme Court of New York, Appellate Division: Second Judicial Department (dated Dec. 11, 2024).

4



***D. New York Federal Suit – Dickerson v. Dickerson, No. 23-CV-3859, 2023 WL 3931696 (E.D.N.Y. June 9, 2023)***



---

[10] Exh. 9, "Memorandum & Order," *Robert L. Dickerson v. Bernice D. Siegal, et al.*, Civil Action No. 23-CV-3859, U.S.D.C., East. Dist. of N.Y. (dated Sept. 21, 2023).

5



(internal citations omitted.)

### E. The Instant Suit in the U.S.D.C. for the Eastern District of Louisiana

Which brings us now to the instant matter. For the above and forgoing reasons, as well as those discussed hereinafter, Plaintiff is barred from seeking any of the relief sought herein based upon the *Younger Preemption Doctrine*.

### II. LAW & ARGUMENT

What is now before this Honorable Court is at least an unlawful attempt at forum shopping, and at worst, a repetitive and frivolous use of the Court's time. As the facts above and exhibits hereto show, Mr. Dickerson was adjudged by the Supreme Court's Appellate Division of New York as to have not properly registered his Letters of Curatorship laws in that state. Further, that court recognized that Brandon Dickerson is and has been a resident of the State of New York and subject to its laws for some time now. As such, the courts of the State of New York have failed and do not recognize the Curatorship of Robert Dickerson. As such, his Letters of Curatorship have no legal effect in the State of New York, a separate sovereign. Likewise, this Court sitting

in its capacity as a federal district in Louisiana, has no controlling jurisdiction over the Eastern District of New York, who too has recognized that Robert Dickerson has no custodial rights over Brandon Dickerson in the State of New York.

Accordingly, what we have here is a request by a party to have this Court adjudicate a purely state law matter where two states disagree with each other on the interpretation of their respective laws. Such is the heart of the *Younger Abstention Doctrine*. In adopting the Eastern District's discussion and holding, and in further support of Defendant's DEFENSES under Rule 12(b)(1, 2 and 6), Defendant pleads the *Younger* Abstention Doctrine. As such, Plaintiff has the burden of proving that this Court has Subject-Matter-Jurisdiction, Personal Jurisdiction, Venue, and that he has stated a Claim Upon which Relief May be Granted. For the following reasons, he has failed to prove same.

### A.     *12(b)(3) – Improper Venue*

Despite the 24th Judicial District Court's assertions that venue is ongoing in Louisiana, the Interdicted person was moved at Plaintiff's own behest to New York. Further, Plaintiff is domiciled in New York. Accordingly, the only nexus with Louisiana is that of the ongoing Interdiction action, which has no bearing on the State of New York unless properly registered in that state and according to that separate sovereign's laws. As the New York Supreme Court's Appellate Division clearly stated, said judgment was not properly registered. Accordingly, the proper venue for any further matters is the Supreme Court of the State of New York, which the Eastern District of New York has already held.

### B.     *12(b)(1, 2, 6) – Plaintiff's Requests for Injunctive Relief Are Barred Under the Younger Abstention Doctrine*

Dickerson requests, as injunctive relief, the termination of the New York-state court temporary guardianship and an order directing that Court to recognize his alleged prior

appointment as Curator. While the Court may be sympathetic to Dickerson's situation, it must abstain from intervening in an ongoing state court proceeding both in Louisiana and New York under the doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971).

*Younger* and its progeny have established that "absent extraordinary circumstances federal courts should not enjoin pending state . . . prosecutions." *Gibson v. Orleans Par. Sheriff*, 971 F. Supp. 2d 625, 629–30 (E.D. La. 2013) (citing *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989).

> The *Younger* doctrine requires that federal courts decline to exercise jurisdiction overstate criminal defendants' claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges.

*Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir.2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)) (internal citations omitted).

As the Court previously ruled in the Eastern District of New York, all *Younger* requirements are met here. First, Dickerson's response and amended complaint indicate that state guardianship proceedings remain ongoing in both New York and Louisiana. Such proceedings, moreover, implicate important state interests — namely, in adjudicating questions of guardianship. *See Disability Rts. N.Y. v. New York*, 916 F.3d 129, 136 (2d Cir. 2019) (observing that "states have an especially strong interest" in "state court procedure in guardianship proceedings" and affirming district court's abstention under Younger); *Toriola v. N. Shore LIJ*, No. 9-CV-3251, 2009 WL 2338037, at *2 (E.D.N.Y. July 29, 2009) ("As plaintiff seeks to have this court intervene in a pending state court proceeding in an effort to challenge the guardianship of her mother, this court must abstain."). Finally, the state courts provide Dickerson with an adequate opportunity to raise

8

his federal constitutional claims. Indeed, the "[Second] Circuit has often recognized the obligation and competence of state courts to decide federal constitutional questions." *Donkor v. City of New York Hum. Res. Admin. Special Servs. for Child.*, 673 F. Supp. 1221, 1226 (S.D.N.Y. 1987) (citing cases). In addition, Dickerson has not identified any barrier that "precludes [him] from raising these claims in a state appellate court" at the appropriate time. *McKnight v. Middleton*, 699 F. Supp. 2d 507, 521 (E.D.N.Y. 2010), *aff'd,* 434 F. App'x 32 (2d Cir. 2011).

Because the requested injunctive relief would require a federal court to interfere with ongoing state court guardianship proceedings, this Court must abstain from exercising jurisdiction over Plaintiff's claims.

### C.   *New York Law as Incumbent upon Defendant*

Defendant is a New York corporation licensed to do and doing business in the State of New York. As such, it has no "dog in this fight." Rather, it must adhere to the laws of the state in which it is domiciled and based upon the orders of the courts of the State of New York. As the standing orders of the New York Supreme Court in and for Queens County recognized, constituted, and appointed Joseph Ruotolo as an independent Guardian ad Litem over the interests and person of Brandon Dickerson, who is a patient of Defendant, Defendant must abide by said appointment regardless of the non-binding orders, statements, or whims of a foreign sovereign, i.e., the State of Louisiana. Furthermore, Attorney Joseph Ruotolo's appointment as Guardian ad Litem has been affirmed by the Appellate Division of the Supreme Court of New York.

### III.   CONCLUSION

In conclusion, undersigned counsel is sympathetic to the issues that have been created surrounding the tragic state of his son by his own family. However, the fact of the matter is, Plaintiff, whether through ignorance or misadventure, has brought this hardship upon himself by

failing to abide by the Mental Hygiene Law of the State of New York, § 83.35, *et seq.* As such, given that state court proceedings are ongoing, involving state court matters, and no federal questions, respectfully this Court lacks jurisdiction to intervene under the *Younger Abstention Doctrine*. Accordingly, this suit should be dismissed, at Plaintiff's sole cost, which Defendant **reserves the right** to tax as costs of court in further proceedings.

Respectfully submitted:

**QUINTAIROS, PRIETO, WOOD, BOYER, P.A.**

_____
BRIAN W. HARRELL (#28439)
GRANT T. HERRIN (#35169)
Lakeway Two
3850 N. Causeway Boulevard, Suite 630
Metairie, LA 70002
TELEPHONE: (504) 527-5055
FACSIMILE: (504) 527-5056
EMAIL: brian.harrell@qpwblaw.com
           grant.herrin@qpwblaw.com
**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that this pleading will be filed electronically via the Court's EM/ECF system, and that all parties will be served via that system.

Baton Rouge, Louisiana, this **12th** day of **June 2025**.

_____
Grant T. Herrin