UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT L. DICKERSON, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-644** |
| **QUEENS NASSAU NURSING HOME INC.,** d/b/a **QUEENS NASSAU REHABILITATION AND NURSING CENTER** | **SECTION: "M" (4)** |

## ORDER

Before the Court is Plaintiff's **Motion to Strike (R. Doc. 23)**, seeking to strike Defendant's Motion to Dismiss (R. Doc. 21) and Motion to Strike (R. Doc. 22). Plaintiff asserts that Defendant's Motion to Dismiss was procedurally improper, since it was filed "under seal" without leave of Court. R. Doc. 23 at 1-2. Plaintiff further asserts that Defendant's Motion to Strike, which sought to strike Plaintiff's supplemental memorandum (R. Doc. 20), was frivolous because the memorandum was timely filed. *Id.*

However, Defendant's Motion to Dismiss and Motion to Strike were marked deficient by the clerk's office on June 5, 2025, for failure to file a separate motion to seal and failure to provide a supporting memorandum, respectively. The Clerk of Court set a deadline of June 12, 2025, for Defendant to cure these deficiencies. Defendant did not cure the deficiencies by the Court's deadline. Instead, Defendant filed a new Motion to Dismiss and Separate Motion to Seal on June 12, 2025, and did not seek to refile the Motion to Strike. See R. Doc. 25. See also R. Doc. 26. Therefore, the Motion to Dismiss (R. Doc. 21) and Motion to Strike (R. Doc. 22) at issue in Plaintiff's Motion were stricken by the Court.

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Strike (R. Doc. 23)** is **DENIED AS MOOT.**

New Orleans, Louisiana, this 18th day of June 2025.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**