UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT L. DICKERSON, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-644** |
| **QUEENS NASSAU NURSING HOME INC., d/b/a QUEENS NASSAU REHABILITATION AND NURSING CENTER** | **SECTION: "M" (4)** |

## ORDER

Before the Court is Defendant's **Motion for Leave to File Pleading and Exhibits Under Seal (R. Doc. 25)**, seeking leave to file the supporting memorandum and exhibits 6, 7, 8, and 9 of Defendant's Motion to Dismiss (R. Doc. 26) under seal pursuant to Local Rule 5.6.

This litigation arises from parallel guardianship proceedings in Louisiana and New York. Defendant asserts that their supporting memorandum references and includes excerpts from exhibits 6, 7, 8, and 9, which reflect court orders from parallel New York guardianship proceedings. R. Doc. 25 at 2. Exhibit 6 is described as an "Order Appointing Guarding of the Person and Property", dated April 18, 2024, from the Supreme Court of New York, Queens County. *Id.* Upon review, this Order appointed Joseph Ruotolo as Guardian ad Litem for Brandon Dickerson. *Id.* R. Doc. 25-5. Exhibit 7 is described as a "Commission to Guardian", dated May 28, 2024, from the same court, in which Joseph Ruotolo received his Commission as Guardian ad Litem. *Id.* R. Doc. 26-6.

Exhibit 8 is described as a "Decision & Order" from the Supreme Court of New York, Appellate Division: Second Judicial Department from December 11, 2024. R. Doc. 25 at 2. Therein, the appellate court affirmed the Queens County Supreme Court's decision to deny Robert Dickerson's motion to dismiss the New York guardianship petition. *Id.* R. Doc. 25-7. Finally, Exhibit 9 is described as a "Memorandum & Order" from the United States District Court for the

Eastern District of New York, dismissing Robert Dickerson's claims for injunctive relief in the New York guardianship proceedings. *Id.* R. Doc. 25-8.

Defendant asserts that these documents must be filed under seal because they include confidential information from the ongoing guardianship proceedings in New York that has been filed under seal in New York. R. Doc. 25 at 2. Defendant further asserts that Plaintiff has consented to filing these documents under seal in prior email correspondence but does not include copies of any such communication in the subject Motion. *Id.* at 3.

However, Defendant does not provide an order from any court in New York sealing the docket or exhibits 6, 7, 8, and 9. R. Doc. 25 at 2. Additionally, the order included in exhibit 9 is publicly available on Westlaw. See *Dickerson v. Siegal,* No. 23-3859, 2023 WL 6158833 (E.D.N.Y. Sept. 21, 2023) (Komitee, E.).

After reviewing the supporting memorandum and exhibits at issue, the Court finds that the exhibits are not essential for Defendant's Motion to Dismiss. R. Doc. 26. Defendant's Motion to Dismiss seeks to allege that Robert Dickerson's claims are barred under the *Younger* Abstention Doctrine, and the full text of orders from the parallel New York guardianship proceedings are not necessary at the present stage of litigation. See R. Doc. 26-1. Plaintiff has already filed two orders from the Queens County Supreme Court into the record and discussed the New York guardianship proceedings in his supplemental memorandum. See R. Doc. 21-1 at 5-25. See also R. Doc. 20. Additionally, exhibit 9 has been published on Westlaw and provides a brief overview of the parallel guardianship proceedings and a detailed analysis of the *Younger* Abstention Doctrine's application to these circumstances. See *Dickerson,* No. 23-3859 at *2.

The fact that these exhibits may have other evidentiary purposes further in the litigation process is not sufficient to justify their filing under seal in Defendant's present Motion.

Furthermore, considering that at least one of these orders is publicly available on Westlaw, the Court further finds that Defendant has failed to establish that the exhibits are of such a sensitive nature that the interests of nondisclosure outweigh the public's right to access the judicial records.

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion for Leave to File Pleading and Exhibits Under Seal (R. Doc. 25) is DENIED.**

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 5.6(G), "[i]f the motion to file under seal is denied, the movant may file another motion to remove the document(s) from the record within seven days. If no such motion is timely filed, the document(s) must be filed as a public record."

New Orleans, Louisiana, this 18th day of June 2025.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**