UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT L. DICKERSON, et al** | CIVIL ACTION |
| VERSUS | NO:   25-644 |
| **QUEENS NASSAU NURSING HOME INC.,** d/b/a **QUEENS NASSAU REHABILITATION AND NURSING CENTER** | SECTION: "M" (4) |

## ORDER

Before the Court is Defendant's **Motion for Leave to File Pleading and Exhibits Under Seal (R. Doc. 37)**, seeking leave to file the supporting memorandum and exhibits 6 and 7 of Defendant's Amended Motion to Dismiss (R. Doc. 33) under seal pursuant to Local Rule 5.6.

This litigation arises from parallel guardianship proceedings in Louisiana and New York. See R. Doc. 1. Defendant asserts that their supporting memorandum references and includes excerpts from exhibits 6 and 7, which reflect court orders from the parallel New York guardianship proceedings. R. Doc. 37 at 2. Exhibit 6 is an "Order Appointing Guarding of the Person and Property", dated April 18, 2024, from the Supreme Court of New York, Queens County. *Id.* Therein, Joseph Ruotolo is appointed as Guardian ad Litem for Brandon Dickerson. *Id.* R. Doc. 37-6. Exhibit 7 is a "Commission to Guardian", dated May 28, 2024, from the same court, in which Joseph Ruotolo received his Commission as Guardian ad Litem. *Id.* R. Doc. 37-8.

Defendant asserts that these documents must be sealed because they include confidential information from the ongoing guardianship proceedings that has been filed under seal in New York. R. Doc. 37 at 2. In support, Defendant provides an Order to Seal Docket from the Supreme Court of New York, Queens County, dated February 1, 2023, which states that the file "hereby is sealed from the public[.]" R. Doc. 37-1. Defendant further asserts that Plaintiff has consented to filing these documents under seal in prior email correspondence but does not include copies of any such communication in the subject Motion. R. Doc. 37 at 3.

When evaluating a motion to seal, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *Omega Hospital, LLC v. Community Insurance Company,* No. 14-2264, 2015 WL 13534251, at *2 (E.D. La. Aug. 12, 2015) (Barbier, C.) (citations omitted). Federal jurisprudence is clear that the "party seeking to overcome the presumption of public access bears the burden to show that its privacy interests outweigh the presumption, and the court should construe any doubt in favor of disclosure." *Omega Hospital, LLC,* No. 14-2264 at *3 (citing *Weiss v. Allstate Ins. Co.,* No. 06-3774, 2007 WL 2377119, at *4 (E.D. La. Aug. 16, 2007) (Vance, J.)).

In the Fifth Circuit, a motion to seal may be denied when the mover fails to identify specific confidential information contained in the documents to be sealed or explain how making the information public would be harmful. See e.g. *340B Holdings, LLC, v. Bobo,* No. 20-197, 2020 WL 9720461, at *1 (W.D. Tex. Apr. 15, 2020) (Pitman, R.) ("[W]hen the party seeking leave to file under seal does not identify any particular confidential information in the orders that may cause it harm, and much of the information therein is available elsewhere, sealing is generally unwarranted.") (citations omitted). See also *Omega Hospital, LLC,* No. 14-2264 at *3-4 ("[I]n order for a document to be sealed, the movant must not only point to specific confidential information contained in the document, but must also show the specific harm that would be suffered if the public were granted access to this document.") (citations omitted).

Additionally, Fifth Circuit jurisprudence recognizes that sealing orders from other jurisdictions do not relieve the mover of their duty to "conduct its own document-by-document, line-by-line review", explain with particularity the necessity for sealing, and "overcome the strong presumption favoring public access[.]" *In re Oh,* No. 23-56, 2023 WL 7004962, at *2-6 (N.D. Tex. Oct. 24, 2023) (Horan, M.J.) (denying a motion to seal a document pursuant to a sealing order

from the U.S. District Court for the Southern District of California, because the mover did not meet the stringent requirements for filing a document under seal in the Fifth Circuit) (citations omitted).

In this case, Defendant asserts that sealing is necessary to protect the confidentiality of the New York guardianship proceedings and provides a court order to substantiate their claim that exhibits 6 and 7 were filed under seal in New York. R. Doc. 37 at 2. See also R. Doc. 37-1. The New York court order states that the docket was sealed to prevent improper disclosure of confidential guardianship filings to unauthorized individuals. *Id.* However, the order does not identify what confidential information was included in the guardianship filings, and Defendant does not explain why orders from this sealed docket are necessary for the Amended Motion to Dismiss. Additionally, Defendant's motion to seal and supporting memorandum do not identify any particular confidential information included in exhibits 6 and 7 or explain how the information therein would be harmful if made public, aside from merely referencing the New York court order sealing the docket.

Upon review, Defendant's Amended Motion to Dismiss contends that Plaintiff's claims are barred by the *Younger* Abstention Doctrine. See R. Doc. 33. Defendant's proposed memorandum analyzes non-sealed orders from the Supreme Court of New York Appellate Division and Eastern District of New York and includes the full text of these court orders as exhibits. See R. Doc. 37-4 at 4-6. See also R. Doc. 33-9. See also R. Doc. 33-10. These orders discuss the parallel guardianship proceedings and evaluate the *Younger* Abstention Doctrine. *Id.*

Therefore, information regarding the parallel guardianship proceedings is available elsewhere and full text orders from the sealed guardianship proceedings in the New York Supreme Court for Queens County are not necessary at the present stage of litigation. See R. Doc. 37-3. The

fact that these exhibits may have other evidentiary purposes further in the litigation process is not sufficient to justify their filing under seal in Defendant's present Motion. The Court therefore finds that Defendant has failed to provide an adequate explanation of why these documents must be filed under seal in this matter.

The Court also notes that Defendant seeks to reserve the right to file a motion to strike or seal the pleadings and exhibits filed by Plaintiff Robert Dickerson. R. Doc. 37 at 3. However, Defendant's request to strike or seal such documents is not properly before the Court in the subject motion.

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion for Leave to File Pleading and Exhibits Under Seal (R. Doc. 37)** is **DENIED.**

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 5.6(G), "[i]f the motion to file under seal is denied, the movant may file another motion to remove the document(s) from the record within seven days. If no such motion is timely filed, the document(s) must be filed as a public record."

New Orleans, Louisiana, this 2nd day of July 2025.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**