UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MR. ROBERT L. DICKERSON, AS CURATOR ON BEHALF OF MR. BRANDON R. DICKERSON, AN ADJUDICATED INCAPACITATED PERSON**<br>**Plaintiff** | CIVIL FILE NO. 2:25-CV-00644<br><br>SECTION "M"<br><br>DISTRICT JUDGE:<br>BARRY W. ASHE |
| **VERSUS** | MAGISTRATE JUDGE:<br>KAREN WELLS ROBY |
| **QUEENS NASSAU NURSING HOME INC., D/B/A QUEENS NASSAU REHABILITATION AND NURSING CENTER**<br>**Defendant** | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS TO DISMISS / STRIKE**

**NOW COMES**, via undersigned counsel, Defendant, QUEENS NASSAU NURSING HOME INC., D/B/A QUEENS NASSAU REHABILITATION AND NURSING CENTER ("Defendant"), who submits this Memorandum in Opposition to Plaintiff's Motions to Stike / Dismiss Document(s) 21 & 22 [R. Doc. 23], Plaintiff's Motion to Dismiss / Strike Document 26 [R. Doc. 35] and Plaintiff's Motion to Dismiss / Strike Document(s) 33 & 37 [R. Doc. 38].

**I.     BACKGROUND**

On April 2, 2025, Plaintiff initiated the instant suit. [R. Doc. 1.] On May 13, 2025, Defendant filed its Motion for Extension of Time. [R. Doc. 11.] Same was marked deficient and refiled on May 14, 2025. [R. Doc. 14.] Whereupon, Defendant was granted an extension of time to answer until June 4, 2025. [R. Doc. 18.] On June 4, 2025, Defendant filed its Motion to Dismiss. [R. Doc. 21.] However, due to issues with the new Motion to Seal procedure, same was marked deficient after refiling, but timely refiled on June 25, 2025. [R. Doc. 33.] Plaintiff's opposition to

1

same was filed on June 16, 2025. [R. Doc. 27.] Defendant has requested Oral Argument for the Submission date set for July 16, 2025. [R. Doc. 34.]

On June 5, 2025, Plaintiff filed a Motion to Strike / Dismiss Document(s) 21 & 22 claiming that Defendant's Motion to Dismiss [R. Doc. 21] is improper because it was filed under seal without leave from the Court and must be Dismissed/Stricken and Motion to Strike [R. Doc. 22] must be dismissed because documents "were filed timely."

On June 26, 2025, Plaintiff filed a Motion to Dismiss / Strike Document 26 [R. Doc. 35] claiming Defendant failed to comply with the Court's Order and alleging that Defendant is using delay tactics to avoid releasing Brandon R. Dickerson from the isolation of Defendant's facility.

On July 1, 2025, Plaintiff filed a Motion to Dismiss / Strike Document 33 & 37 [R. Doc. 38] arguing that Defendant's actions are undermining the court's authority and wasting valuable time and resources with repetitive and frivolous motions. Furthermore, the plaintiff contends that the defendant's actions are causing irreparable harm to Brandon R. Dickerson, who is being subjected to unauthorized detention and isolation in a nursing home setting.

While undersigned counsel understands that Plaintiff, as a *Pro Se* party, is inexperienced in the law, Plaintiff continues to file numerous and frivolous motions, which are impeding the expediency of this matter and causing Defendant to incur unnecessary costs. Further, Plaintiff's motion practice has no basis in the law and should be DENIED.

## II.   LAW AND ARGUMENT

### A. Requests for Entry of Default

It is well established that an appearance requires conduct that clearly indicates the defendant's intent to defend the suit. *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933 (1999). The filing of a motion to dismiss under Rule 12(b) is regarded as an appearance in federal courts.

(*Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274 (1989).)  In *Rogers*, the U.S. Fifth Circuit emphasized that the motion clearly conveyed the defendant's intent to defend the suit, which is sufficient to constitute an appearance under Rule 55(b)(2).

Default judgments are disfavored under Rule 60(b)(6) and *U.S. Manos*, 56 F.R.D. 655 (1972).  (*Tr. Co. Bank v. Tingen-Millford Drapery Co.*, 119 F.R.D. 21 (E.D.N.C. 1987).)  Further, as Defendant has made an appearance, a default is improper under Rule 55(b)(1).  *See id.* at 23.)  Additionally, Rule 55(b)(2), provides:

> If the party against whom judgment by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least [7] days prior to the hearing on such application.

(*Id.*)  As Plaintiff has neither requested, nor noticed a date for oral argument to the Court, granting Plaintiff's motion is not proper at this juncture.  Furthermore, Defendant has filed a 12(b) motion as a preliminary objection to Plaintiff's suit, such that Defendant is allotted time until after motion is adjudicated to file its answer.  For these reasons, Plaintiff's request for default should be DENIED.

### B. <u>Motions to Strike</u>

Rule 12(f) provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

The Fifth Circuit has held that motions to strike are generally disfavored.  *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards,* 677 F.2d 1045, 1058 (5th Cir.1982); *see also Am. S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626 (E.D. Tex. 2010).)  "They are viewed with disfavor and infrequently granted, both because striking portions of pleadings is a drastic remedy and because it

is often sought by a movant simply as a dilatory tactic." (*Buckley*, 748 F. Supp. 2d at 626.) "The Court possesses considerable discretion in ruling on a motion to strike." *Bailey Lumber & Supply Co. v. Georgia-Pac. Corp.*, No. 1:08CV1394 LG-JMR, 2010 WL 1141133, at *5 (S.D. Miss. Mar. 19, 2010).

As Plaintiff is not a practitioner, he misconstrues what has and has not been filed into the record pursuant to Defendant's Motions to File under Seal. As this Court is aware, The State of New York is a separate sovereign, whose adjudications are neither binding upon this Court, nor the courts of the State of Louisiana. Nevertheless, Defendant has made an attempt to honor the Queens County court's rulings and pursuant to its agreement with Brandon Dickerson's Guardian ad Litem to file such documents under seal. In that vein, Defendant has presented its arguments to the Court regarding its request to seal documents related to the Queens County docket. Despite this attempt to honor the Queens County court's order, Plaintiff claims Defendant has somehow run afoul of that court's order sealing that docket. This is despite Plaintiff having filed various documents into the record from the Queens County docket without any attempt to seal same. (*See* R. Doc. 20-1 at pp. 6-21.)

Regardless, at this point, the issue of whether documents from Queens County should be subject to seal is a moot point. Defendant has provided relevant documents to the Court in an attempt to honor the seal of Queens County. However, the Court has not found just cause for same, which is of course, the Court's prerogative. Furthermore, many of these documents have been previously filed in the Suffolk County action instituted by Plaintiff, such that they are able to be accessed by the public. Accordingly, the issue of which, if any, documents should be filed under seal in this docket is a moot point. As such, Plaintiff's instant motions to strike should be DENIED. Further, Plaintiff should disallowed or admonished from filing such future motions.

4

### III. CONCLUSION

**WHEREFORE**, for the reasons set forth herein, Defendant, QUEENS NASSAU NURSING HOME INC., D/B/A QUEENS NASSAU REHABILITATION AND NURSING CENTER, requests that Plaintiff's Motion to Stike / Dismiss Document(s) 21 & 22 [R. Doc. 23], Plaintiff's Motion to Dismiss / Strike Document 26 [R. Doc. 35], and Plaintiff's Motion to Dismiss / Strike Document(s) 33 & 37 [R. Doc. 38], be DENIED.

**FURTHERMORE**, Defendant requests that Plaintiff be prohibited from filing future motions to strike pleadings upon the basis of lack of a seal without leave of court.

**ADDITIONALLY, OR IN THE ALTERNATIVE**, Defendant requests that Plaintiff be admonished from filing future motions to strike pleadings upon the basis of lack of a seal.

Respectfully submitted:

**QUINTAIROS, PRIETO, WOOD, BOYER, P.A.**

_____
BRIAN W. HARRELL (#28439)
GRANT T. HERRIN (#35169)
Lakeway Two
3850 N. Causeway Boulevard, Suite 630
Metairie, LA 70002
TELEPHONE: (504) 527-5055
FACSIMILE: (504) 527-5056
EMAIL: brian.harrell@qpwblaw.com
         grant.herrin@qpwblaw.com
**COUNSEL FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that this pleading will be filed electronically via the Court's EM/ECF system, and that all parties will be served via that system.

Baton Rouge, Louisiana, this **3rd** day of **July 2025**.

_____
Grant T. Herrin

6