Case 2:25-cv-00644-BWA-KWR   Document 41   Filed 07/07/25   Page 1 of 6

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   Jul 7 2025
CAROL L. MICHEL
CLERK
cf                    EDSS

UNITED STATES DISTRICT COURT                         CV-25-00644

EASTERN DISTRICT OF LOUISIANA.

-----------------------------------------------------------x

Mr. Robert L. Dickerson, as Curator, on behalf of Mr. Brandon R. Dickerson,
An Adjudged Incapacitated Person,

                          Plaintiff(s)      **Justice Barry W. Ashe**

                                            **Magistrate Judge Karen Wells Roby**

-against-.

Queens Nassau Nursing Home Inc., d/b/a Queens Nassau Rehabilitation and
Nursing Center,
                      Defendant(s)

## RESPONSE TO DEFENDANT'S MOTION (DOCUMENT NUMBER 40)

I Mr. Robert L. Dickerson Court appointed Curator of Brandon R. Dickerson Plaintiff in this Matter**,** submit this response to document number 40.

The Defendant's attorney's actions in bringing this current motion before this honorable Court (Doc 40) is extremely questionable and must be stricken and or dismissed. **Documents number(s) 21, 22, 23 and 37 have already been adjudicated by this Court; striking documents 21and 22 as untimely, document number 23 as moot and denying document number 37**.

Currently, documents numbers 33 and 26 remain and are improperly before the Court as "*redacted"* filed duplicate pleadings which was Ordered by this Court "*removed*" via Defendant's own Motion within seven days or it will be filed "*unredacted*" as a public record.

1

**THE REQUEST FOR ENTRY OF DEFAULT**

Defendant was afforded ample time by this Court to respond both to the Emergency Motion and to the Summons and Complaint.

Notwithstanding that the Defendant appeared in this Matter almost two weeks beyond the return date, this Court granted Defendant a 21-day extension to file their response and answer until June 4th 2025.

Defendant then files a "defective pleading" on June 4th 2025 that was rejected by this Court on June 5th 2025 with specific instructions to cure the deficiencies with a deadline date of June 12th 2025.
However, Defendant failed to file within the Court's deadline causing this Court to strike Defendant's June 4th pleading (Doc 21 & 22) permanently from the record which now places Defendant in default.

I respectfully submit to this Court that Defendant(s) continue to file nonsensical, repetitive and utterly absurd pleadings before this Court in an effort to deter, defer, deflect, distract, delaminate and or decimate the fundamental premise of this litigation which was for **immediate relief** of the unlawful detention of my incapacitated son Brandon within the confines of Defendant's nursing home facility and for an answer to the allegations of Defendant(s) violations of my son's constitutional civil rights under the Americans with Disabilities Act.

This Court should note that in all of Defendant(s) attacks on my standing and credibility to proceed in this Matter, not once do they deny the allegations against them of the atrocious constitutional civil rights violations of my incapacitated son presented to this Court, nor does Defendant make any reference about the health and welfare of my son, notwithstanding their responsibility as a healthcare provider to do so.

**PLAINTIFF HAS STANDING TO PROCEED IN THIS COURT**

I continue to assert and maintain that I do indeed**,** have the jurisdictional authority and responsibility to proceed in this Court in this Matter**,** to advocate and defend the best interest of my incapacitated son Brandon**,** which was granted to me by the state of Louisiana's October 25th 2022 Interdiction Judgment and Order and the state of New York's November 18th 2022 and July 5th 2023 registration of that Judgment and Order.

My authority as the Court appointed Curator for my son is vested within the laws of the state of Louisiana pursuant to the LA R.S. 13:4251.203**,** the LA **UGPPJA** and the lawful Court Order of Interdiction adjudicated on October 25th 2022 with a final Judgment on the merits as well as the laws within the state of New York pursuant to CPLR 5402 (b) and pursuant to the **NYS UGPPJA** MHL 83.35 and MHL 83.39 with the November 18th 2022 and July 5th 2023 registration and filing of the Louisiana Interdiction Judgment as a "Foreign Judgment".

**CPLR 5402 Filing and Status of Foreign Judgments**

(b)   ***Status of foreign judgments****. The clerk shall treat the foreign judgment in the same manner as a judgment of the supreme court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of the supreme court of this state and may be enforced or satisfied in like manner.*

**MHL 83.35 of the UGPPJA Registration of Orders Appointing a Guardian of the Person**
*If a guardian of the person by whatever name designated has been **appointed in another state** and a petition for the appointment of a guardian of the person is not pending in this state, the guardian of the person appointed in the other state, after giving notice to the appointing court of an intent to register, may register the guardianship of the person order in this state by filing as a foreign judgment in a court, in any appropriate county of this state, certified copies of the order and letters of office.*

3

**§ MHL of the UGPPJA 83.39 Effect of Registration**.

*(a) Upon registration of an order appointing a guardian of the person or protective order from another state, the guardian of the person or guardian of the property may exercise in this state all powers authorized in the order of appointment or protective order except as prohibited under the laws of this state and, if the guardian of the person or guardian of the property is not a resident of this state, subject to any conditions imposed upon nonresident parties.*

*(b) A court of this state may grant any relief available under this article and other law of this state to enforce a registered order.*

*(c) Notwithstanding any provision of law to the contrary, upon registration of an order appointing a guardian of the person or protective order from another state, the guardian of the person or guardian of the property, if so authorized in the order of appointment or protective order, may commence and defend actions and proceedings in this state.*

**JUSTICE E. ADRIAN ADAMS PROPERLY EXERCISED HIS JUDICIAL AUTHORITY UNDER THE MULTI-STATE UNIFORM ADULT GUARDIANSHIP AND PROTECTIVE PROCEEDING(S) ACT (UGPPJA) TO "DENY" A JURISDICTIONAL TRANSFER OF THE GUARDIANSHIP PROCEEDINGS TO THE STATE OF NEW YORK**

The New York State Courts, in disregarding and disrespecting Louisiana Court Justice Adams' lawful October 25th Order and Judgment of Interdiction, his June 1st 2023 lawful Court Order, denying a jurisdictional transfer of the guardianship proceedings to the state of New York and the New York Courts continuing to litigate the proceedings notwithstanding the Louisiana Court Orders, without permission or authority from the state of Louisiana to do so, in complete absence of all jurisdictional authority, is an afront to the judicial process, a direct violation of the **Full Faith and Credit Clause of the United States Constitution,** in violation of **The Uniform Adult Guardianship and Protective Proceeding(s) Act (UGPPJA) and in violation of the Due Process Clause of the 14th Amendment.**

The state of New York and the state of Louisiana are both active participants of the *Uniform Adult Guardianship and Protective Proceedings Act. (UGPPJA)*. As such, both states are required to respect and honor the proceedings of either state regarding adult guardianship Orders, Judgments or jurisdiction. Since the state of Louisiana attained **"Exclusive and Continuing Jurisdiction"** prior to the commencement of the New York petition, the New York Courts were "MANDATED" to dismiss the New York petition pursuant to the NYS MHL 83.29(b) **(UGPPJA)**

Because the New York Courts failed to lawfully acquire jurisdiction over the Louisiana interdiction proceedings through a lawful transfer proceeding, the New York Courts elected to "*manufacture*" their own reasons to seize jurisdictional authority by falsely stating that I did not register the Judgment of Curatorship within the state of New York, falsely stating no transfer proceeding commenced in the state of Louisiana and asserting that my severely brain damaged incapacitated son, afflicted with aphasia "**decided**" to make Defendant's nursing home facility his permeant residence.

The mere notion that I would charter a private Lear Jet complete with a medical staff, costing tens of thousands of dollars to fly my son directly to a Queens New York nursing home to make it my son's permanent residence; some 2000 miles away from his home in Louisiana, where his only child still resides and almost 100 miles away from his childhood family home in Suffolk County New York, is utterly ridiculous. With all due respect, such a preposterous story, if you would believe it, would also allow one to purchase the Brooklyn Bridge for $10 Dollars.

The move to the Defendant's New York facility was all orchestrated-on Defendant's deceptive and false hope of an aggressive one-year rehabilitation therapy program to continue the progress my son has made in his recovery therapy at the Louisiana Hospital. Nothing more.

If it was only a residential facility needed to be chosen for my son, there were thousands of nursing home facilities near my son's home in his home state of Louisiana where his only child still resides and near his childhood home in Suffolk County New York on Eastern Long Island. The Defendant's Queens County facility would have never been considered for that purpose.

## DEFENDANT'S ATTORNEY SHOULD BE SANCTIONED FOR MAKING FALSE STATEMENTS IN THESE PROCEEDINGS

The Defendant's attorney falsely stated on the record that the Louisiana ad Hoc attorney, Ms. **Elaine Appleberry** was "not aware" that my son Brandon was moved to Defendant's facility for his therapeutic treatment until July 21 2022, when in fact Ms. Appleberry was notified on June 2nd 2022 one week after her appointment that my son was transferred to Defendant's facility less than a week "before" her appointment as evidenced in her Note of Evidence statement.

Defendant's attorney also falsely stated that I "consented" to his filing of documents under seal when no such consent ever existed. For these reasons, I request that this Court admonish Defendant's attorney to deter future inappropriate conduct.

**WHEREFORE,** I respectfully request that this Court Strike and or dismiss document number 40, grant the **Emergency Motion,** direct the Clerk of the Court to issue an Order of Default (Doc 30) and any other remedy this Court deem just and proper.

Respectfully submitted,

*Mr. Robert L. Dickerson*

Mr. Robert L. Dickerson
29 Seymour La.
Medford N.Y. 11763
347-530-5466
Dated Medford New York July 7th 2025